# Smith ·v. Pennsylvania Railroad Co., Appellant.

*Negligence—Railroads—Master and servant—Proximate cause.*

In an action against a railroad company by one of its employees to recover damages for personal injuries, the company cannot be charged with negligence in permitting a small piece of iron or steel to lie in the open space between its tracks in an open repair yard; but if it appears that on account of the crowded condition of the yard and the narrow space between the tracks, the company's employees were obliged to set a jack under a car the wrong way, so that the foot of the jack had to be set lengthwise instead of crosswise, and that this made the situation at the point of the accident dangerous because of the swinging of the car, and it appears that the plaintiff stumbled over the material between the tracks in unsuccessfully seeking to avoid the swinging and falling car, a case of negligence on the part of the company is made out for the jury.

Argued April 15, 1912. Appeal No. 203, Oct. T., 1911, by defendant from judgment of C. P. Cambria Co., March T., 1910, No. 71, on verdict for plaintiff in case of Sherman M. Smith v. Pennsylvania Railroad Company. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER. Reversed.

Trespass to recover damages for personal injuries. Before O'CONNOR, P. J.

At the trial it appeared that the plaintiff, a car repairer, was injured in the defendant company's repair yard in Altoona, on December 28, 1908.

The plaintiff's statement of claim was as follows:

The defendant is now and was at the time of the grievances hereinafter mentioned, engaged in conducting a railroad through Blair and Cambria counties, and was the owner of a large repair yard for the repair of its cars in the county of Blair. That the yard aforesaid was known as The Pennington Repair Yard, and was as the defendant well knew, unusually dangerous be-

cause it was not originally intended nor laid out for a repair yard and the tracks were so close together that the employees had not room to safely and properly raise and jack up the cars, that the defendant carelessly and negligently for a long time and at the time of the injuries hereinafter complained of, permitted and caused all of said tracks to be used as a repair yard, well knowing that in raising cars, the employees were obliged to set the jacks the wrong way, so that the foot of the jack which was designed to prevent the jack and its load from tipping, had to be set lengthways of a car instead of crossways, which by reason of the narrow space or passageways between the tracks rendered the work extra hazardous, and by reason of said negligent and dangerous use of said track and of the hazard and danger thereof assumed by the employees and the plaintiff, it then and there became the duty of the defendant to keep the said narrow passage ways free from obstruction so that in case of a falling car, the employees and the plaintiff might avoid the said danger, yet the defendant utterly disregarding its duty in this behalf did not keep said passageway clear, but carelessly and negligently without the knowledge of the plaintiff piled material for the repair of said cars, to wit, brake beams, etc., in said passage way and thus obstructed the same.

That track No. 16 ran parallel to a long material platform with a narrow footpath between them, that said pathway was much used by the men in securing material, and was the only means of escape from injury should a car swing and fall in that direction; that the defendant employed in said yard in the repair of its cars a large number of men, that is to say over three hundred employees, and that it was the duty of the defendant to keep and maintain said pathway free and clear of unnecessary obstruction, that its employees might avoid the danger aforesaid, yet the defendant disregarding its duty in this regard negligently and carelessly for a long time permitted or caused repair material to be piled in

said pathway and negligently and carelessly without the knowledge of the plaintiff for a long time permitted or caused the snow from said platform to be shoveled and swept into said pathway and on top of and over said material, thus rendering it unsafe and dangerous and obstructing the escape of employees in case of a swinging or falling car.

That on the 28th day of December, 1908, while the plaintiff was in the course of his employment passing along said pathway in the exercise of due and ordinary care, a car on said track No. 16, jacked up in the manner before described, began to swing and fall toward the plaintiff, observing which the plaintiff attempted to step out of the way, but in so doing, tripped on said material so negligently and carelessly placed by the defendant in said path and so covered with said snow so negligently and carelessly thrown in said pathway by the defendant, and fell and said car fell upon him; that had the defendant kept and maintained said pathway free from obstruction as was its duty to do the plaintiff could easily have stepped out of all danger from said car, but the defendant well knowing the narrow space between the tracks, No. 16 and said platform and the unsafe and dangerous method of raising cars, yet negligently and carelessly without the knowledge of the plaintiff obstructed said path in the manner above described and thus subjected the plaintiff to risks and dangers not incident to his employment and by which he was at said time and place greatly damaged.

The facts of the case appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $6,000. Defendant appealed.

*Errors assigned* were various rulings and instructions.

*II. W. Storey,* for appellant.—Where the defendant's act or omission caused injury only by the concurrence of an inevitable accident which could not have been foreseen, he is not liable: McCauley v. Logan, 152 Pa. 202; Brown v. Susquehanna Boom Company, 109 Pa. 57.

If we are correct in holding that the falling car was the proximate cause then the tripping on the brake bar was the intervening cause. The plaintiff is basing his recovery on the fact that he could have escaped if the bar had not been in the path. This must have been the intervening cause.

The rule is that it is not the intervening cause, but the proximate cause which is essential to recovery: Fairbanks v. Kerr, 70 Pa. 86; West Mahanoy Twp. v. Watson, 116 Pa. 344; Schaeffer v. Jackson Twp., 150 Pa. 145; Morrison v. Davis, 20 Pa. 171; Brown v. Susquehanna Boom Co., 109 Pa. 57; McCauley v. Logan, 152 Pa. 202; B. & O. R. R. Co. v. School Dist., 96 Pa. 65; Dannenhower v. Western Union Tel. Co., 218 Pa. 216.

*W. C. Fletcher,* with him *W. J. Henry,* for appellee.— The defendant was in duty bound to furnish the plaintiff with a place to work that was reasonably safe. The nature and character of the work must of course be considered in determining whether the place is reasonably safe. Likewise the dangers incident to the work must be considered.

A careful and prudent man would certainly have anticipated that cars were liable to swing and fall, therefore these narrow passage ways, the only means of escape, must be kept free from unnecessary obstruction: West Mahanoy Township v. Watson, 3 Atlantic Repr. 866; Behling v. Pipe Lines, 160 Pa. 359; Sturgis v. Kountz, 165 Pa. 358; McGrew v. Stone, 53 Pa. 436.

OPINION BY MR. JUSTICE ELKIN, May 6, 1912:

This case was tried on the theory that the proximate cause of the accident was the brake beam, which it is

alleged obstructed the open space, called a passage way, between the track upon which the car was being repaired and the platform where repair materials were stored. If this were the only negligence charged we would be inclined to hold that it was not sufficient, standing alone, to sustain a recovery of damages. It was an open repair yard, containing many tracks, and in making the repairs required it was necessary that the proper materials and supplies should be distributed when used, at different points in the repair yard. Under such circumstances the burden would be upon the party claiming damages to show an unusual and dangerous condition in order to charge the employer with such a breach of duty as to amount to negligence. It would be carrying the doctrine of negligence to an extreme limit to hold that a small piece of iron or steel lying in the open space between railroad tracks in an open repair yard amounted to such an unusual and dangerous condition as to sustain a charge of negligence against the employer. However, in the present case, it was also charged that in raising the car the employees, on account of the crowded condition of the yard and the narrow space between the repair tracks, were obliged to set the jacks under the car the wrong way, so that the foot of the jack which was designed to prevent the car when hoisted from swinging, had to be set lengthwise instead of crosswise, and that this made the situation at the point of accident dangerous. If this charge is supported by evidence the jury would be warranted in drawing the inference that the negligence complained of caused the car to swing and fall, and if these facts be so found, they would be the proximate cause of the injuries sustained. The injuries were caused by the car which swung to one side and partially tilted over, and the question in the case is whether this was occasioned by the negligence of the defendant company in not providing a proper and reasonably safe place in which to hoist the car for the purpose of making the repairs. If the

facts be as charged, that the jacks had to be put under the car the wrong way by reason of the limited space, a fair inference might be drawn that this was the proximate cause of the accident, and that it was negligence under the circumstances. The obstruction in the passageway might excuse the injured party from the charge of contributory negligence in not making an escape from an impending danger which he saw and attempted to avoid, at least it would be for the jury to say whether he did all that could be reasonably required of him under the circumstances. The case was not tried on this theory, but in our opinion the statement of claim would justify such a submission of the facts, when proved, to the jury. We cannot agree that a verdict should have been directed for the defendant on the ground that no negligence on the part of the defendant company was shown, or because appellee assumed the risk under his contract of employment. The case was for the jury, but it was not properly submitted.

The first, second, third, fourth and fifteenth assignments of error are sustained.

Judgment reversed and a venire facias de novo awarded.