## Smith *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Evidence—Cause of accident—Opinion.*

In the trial of an action to recover damages for personal injuries caused by the fall of a freight car, which had been jacked up for repairs, where the facts relating to the accident had all been developed, it was not error for the court to refuse to allow witnesses to state their opinions as to what caused the car to fall.

Argued Sept. 28, 1914. Appeal, No. 161, Oct. T., 1914, by defendant, from judgment of C. P. Cambria Co., March T., 1910, No. 71, on verdict for plaintiff, in case of Sherman M. Smith v. Pennsylvania Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STEPHENS, P. J.

The facts appear in Smith v. Pennsylvania R. R. Co., 236 Pa. 359, and in the opinion of the Supreme Court.

Verdict for plaintiff for $6,151, and the judgment thereon. Defendant appealed.

*Errors assigned,* among others, were. rulings on evidence.

*H. W. Storey,* for appellant.

*W. C. Fletcher,* with him *W. J. Henry* and *Mathiot Reade,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 2, 1915:

This case has been tried three times in the court below and was once before this court on appeal in Smith v. Penna. R. R. Co., 236 Pa. 359. When the case was here before it was decided to be for the jury both as to the

negligence of the defendant company and the contributory negligence of the plaintiff. We pointed out in that opinion the proper theory upon which to try the case and the learned trial judge carefully instructed the jury along the lines there suggested. It would serve no useful purpose to travel over the ground again by discussing the reasons which moved this court to award a venire facias de novo in the former appeal. Sufficient to say that nothing presented by the present record would justify this court in now deciding that the issue was one of law for the court and not of fact for the jury. The negligence charged against the defendant company, as well as the contributory negligence of plaintiff, were both submitted as questions of fact to the jury in a fair and impartial charge as to which there can be no just ground of complaint by either party. The first five assignments of error relate to the refusal of the trial judge to permit witnesses to answer certain questions asked by counsel for appellant. These questions in substance were intended to develop what caused the car to fall, and this was proper information to elicit from witnesses. The trial judge instructed these witnesses that they could state any facts relating to the position of the car and the conditions upon the ground from which the cause of the fall of the car might be inferred, but that they could not express an opinion upon the question without stating the facts. This was substantially correct and certainly the refusal to admit what amounted to opinion evidence on a practical question of this kind does not constitute reversible error. Both parties were given ample opportunity to establish all the material facts by witnesses familiar with conditions on the ground, and the testimony thus introduced necessarily carried the case to the jury.

The remaining assignments are without substantial merit and do not constitute reversible error. Judgment affirmed.